UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BENJAMIN VIENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-04691-JMS-TAB |
| | ) | |
| CONNERSVILLE NEWS EXAMINER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* Plaintiff Benjamin Vient appears to assert a claim of copyright infringement in this lawsuit initiated on December 20, 2017. Presently pending before the Court is Defendant Connersville News Examiner's (the "News-Examiner") Motion to Dismiss. [Filing No. 18.]

### I.
### STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations

must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

Mr. Vient filed his Complaint on December 20, 2017, which provides only the following allegations: "Copyright Breaches. Requested information from defendants, have not received replies, has been very distressing." [Filing No. 1 at 2.] Mr. Vient states in his Complaint that he seeks "[s]tatutory, full costs and legal and court fees and any other according to laws." [Filing No. 1 at 4.]

On December 28, 2017, the Court issued an Entry finding that "[t]he allegations set forth in the complaint, that a news exchange has not responded to Mr. Vient's requests for information, do not state a legal claim upon which relief can be granted." [Filing No. 3 at 3.] The Court also found that Mr. Vient had not alleged a basis for the Court's jurisdiction. [Filing No. 3 at 3.] It dismissed Mr. Vient's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, gave Mr. Vient until January 22, 2018 to show cause why the action should not be dismissed for lack of subject matter jurisdiction and failure to state a claim, and gave him until that date to pay the filing fee. [Filing No. 3 at 3.] Although Mr. Vient paid his filing fee by the January 22, 2018 deadline, he did not respond to the Court's Order to Show Cause. The Court then gave Mr. Vient additional time, until February 20, 2018, to show cause why his action should not be dismissed. [Filing No. 5.]

On February 2, 2018, Mr. Vient filed three photocopied pages which are somewhat difficult to decipher. The first page contains this paragraph:

2



[Filing No. 6 at 1.]  This paragraph appears to state:

> Rights:  Ben Vient retains all rights to "On the Rails," his writing and photographs taken by him.  This agreement allows on publication of each submission in the print newspaper within two weeks of Ben Vient's Wednesday submission date.  Digital publishing or reproduction is prohibited.

[Filing No. 6 at 1.]  The next two pages contain the following:



[Filing No. 6 at 2-3.] While difficult to read, these pages appear to show Mr. Vient's contact information and the title of an article "On the Rails" written by Mr. Vient which appeared on the News-Examiner's website.

On February 12, 2018, the Court issued an Entry stating that "[t]he Court's liberal reading of the complaint is that it presents a claim of copyright infringement and a state law breach of contract claim under the Court's supplemental jurisdiction…. That said, the foregoing determination does not prevent defendant from challenging the sufficiency of the complaint or the Court's jurisdiction." [Filing No. 7 at 1.]

On February 15, 2018, Mr. Vient filed a "Motion to the Court," in which he stated:

> In addition to the previous breach submitted, motion to submit additional breach as ancillary: I have not been paid by the Connersville News Examiner for my work. In my previous letter, I submitted photographic evidence that I did work for the Connersville News Examiner. I have not been paid by the Connersville News Examiner. Motion to include collection costs and interest as well.

[Filing No. 9.] The Court denied Mr. Vient's "motion," stating "[i]f the plaintiff wishes to add any additional claims, he may file an amended complaint which contains all of his claims. An amended complaint would completely replace the original complaint as supplemented, so it must be complete." [Filing No. 10.] The Court gave Mr. Vient until March 19, 2018 to file an amended complaint. [Filing No. 10.]

On March 19, 2018, Mr. Vient filed a letter addressed to the Court which he stated was in response to the Court's Order requiring him to file an amended complaint if he wished to add any additional claims. [Filing No. 15.] Mr. Vient stated:

> I've previously attached the relevant digital URL to show publication of my work. And I've also included here this relevant passage from our signed agreement that did not authorize this digital publication: "Digital publishing or reproduction is prohibited." (I've also attached previously our signed agreement).

4

> In addition, I have also not been paid by the Connersville News Examiner for my work.

[Filing No. 15.] In a March 22, 2018 Entry, the Court stated "[a]s the Court has already indicated, if Mr. Vient wishes to add a cause of action to his original complaint, he must do so by filing an amended complaint that includes all of his causes of action. The Court will not cobble together multiple documents for Mr. Vient in order to generate an amended complaint." [Filing No. 16 at 1.] The Court instructed Mr. Vient that if he wished to add a claim to his lawsuit, he needed to file an amended complaint, and gave him until April 20, 2018 to do so. [Filing No. 16 at 2.]

The News-Examiner filed its Motion to Dismiss on April 5, 2018, [Filing No. 17], and that motion is now ripe for the Court's consideration. To date, Mr. Vient has not filed an amended complaint.

## III.
### DISCUSSION

In its Motion to Dismiss, the News-Examiner argues that Mr. Vient does not allege that the copyrights he contends the News-Examiner breached were registered. [Filing No. 18 at 2.] It argues that Mr. Vient "has merely alleged 'Copyright Breaches' without stating the copyright's registration number, the date of registration, the date of application, or any other information regarding registration…. Because [he] has not met the prerequisite of registering his copyrights with the United States Copyright Office – and does not even allege that he did so – his Complaint should be dismissed." [Filing No. 18 at 3.] Mr. Vient did not respond to the News-Examiner's Motion to Dismiss.

The Court notes at the outset that, based on its earlier rulings, only the allegations contained in Mr. Vient's Complaint, [Filing No. 1], and the photocopied documents he provided in response to the Court's Order to Show Cause set forth above, [Filing No. 6], will be considered as the

5

allegations supporting his claims. The Court will not consider information that Mr. Vient presented through his "motion" or letter to the Court, as the Court has already rejected Mr. Vient's efforts to add allegations through those filings and instructed him instead to file an amended complaint. [*See* Filing No. 10; Filing No. 16.] Because Mr. Vient never filed an amended complaint, his original complaint and the photocopied documents he filed in response to the Court's Order to Show Cause define his claims.

In order to succeed on a claim for copyright infringement, which appears to be what Mr. Vient is attempting to allege, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991); *see also Peters v. West*, 692 F.3d 629, 632 (7th Cir. 2012). Mr. Vient must "plausibly allege" those two elements in order to state a claim for copyright infringement at the motion to dismiss stage. *TopstepTrader, LLC v. OneUp Trader, LLC*, 2018 WL 1859040, *7 (N.D. Ill. 2018).

Here, Mr. Vient does not allege that he owns a copyright, nor that the News-Examiner copied elements of that copyrighted work. The only allegations in his Complaint are that there were "copyright breaches," and that he requested information from the News-Examiner but it did not respond. [Filing No. 1 at 2.] The information Mr. Vient provided in response to the Court's Order to Show Cause also does not sufficiently allege that Mr. Vient had a copyright and that the News-Examiner copied parts of a copyrighted work. It is not clear where the first page – stating that Mr. Vient retains all rights to "On the Rails" – is from, nor who wrote it. The other two pages, reflecting Mr. Vient's contact information and showing the "On the Rails" article on the News-Examiner's website, also do not indicate that Mr. Vient owned a copyright, or that the News-Examiner copied elements of that copyright. Mr. Vient could have responded to the News-

6

Examiner's Motion to Dismiss and explained the significance of those documents, but did not do so. Because Mr. Vient has not alleged that he had a registered copyright that the News-Examiner copied, any copyright infringement claim he alleges fails as a matter of law.

Moreover, to the extent Mr. Vient attempts to allege any other claims, such as breach of contract, those claims fail because he has not provided the News-Examiner with fair notice of what his other claims may be nor the grounds upon which they rest, *Erickson*, 551 U.S. at 93, nor has he pled sufficient factual matter to state a claim to relief that is plausible on its face, *Iqbal*, 556 U.S. at 678.[1]

In short, Mr. Vient has failed to sufficiently allege a claim for copyright infringement or any other claims, and the News-Examiner's Motion to Dismiss, [Filing No. 17], is **GRANTED IN PART** to the extent that the Court dismisses Mr. Vient's claims **WITH PREJUDICE**.[2] The Court notes that the News-Examiner requests in its brief in support of its Motion to Dismiss that the Court award it "Attorney's Fees incurred in filing this Motion to Dismiss." [Filing No. 18 at 3.] Because the News-Examiner does not set forth any grounds for such an award, the Court **DENIES IN PART** the News-Examiner's Motion to Dismiss to the extent that it declines to award attorneys' fees.

---

[1] In any event, even if Mr. Vient had adequately alleged a state law claim such as breach of contract, the Court would decline to exercise supplemental jurisdiction over such a claim in light of its dismissal of the federal copyright infringement claim. *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction") (citation and quotation omitted).

[2] The Court has given Mr. Vient numerous chances to amend his Complaint. He has declined to do so, and has not provided any indication that he would be able to successfully amend his Complaint to cure the defects discussed above. Under the circumstances present here, the Court is not required to give Mr. Vient another chance to plead his claims. *See Emery v. American General Finance, Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998). Consequently, the Court, in its discretion, dismisses Mr. Vient's claims with prejudice.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** the News-Examiner's Motion to Dismiss, [17], to the extent that it dismisses Mr. Vient's claims **WITH PREJUDICE**. The Court **DENIES IN PART** the News-Examiner's Motion to Dismiss, [17], to the extent it declines to award the News-Examiner its attorneys' fees incurred in filing the Motion to Dismiss. Final judgment shall enter accordingly.

Date: 5/23/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Benjamin Vient
217 W. 18 St.
#238
New York, NY 10011