UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BENJAMIN VIENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04691-JMS-TAB |
| | ) | |
| CONNERSVILLE NEWS EXAMINER, | ) | |
| | ) | |
| Defendant. | ) | |

# ENTRY

Plaintiff Benjamin Vient, proceeding pro se, brought this lawsuit in December 2017, alleging (insofar as the Court could determine) that Defendant Connersville News Examiner ("CNE") infringed upon his copyright to an article entitled "On the Rails." [Filing No. 19 at 4 (citing Filing No. 6 at 2-3); *see* Filing No. 1.] On April 5, 2018, CNE filed its Motion to Dismiss for Failure to State a Claim, [Filing No. 17], and accompanying Memorandum, [Filing No. 18]. Both filings indicated that they were served on Mr. Vient "by first-class U.S. Mail, postage prepaid and properly addressed." [Filing No. 17 at 2; Filing No. 18 at 4.] On May 23, 2018, long after the time for Mr. Vient to respond to CNE's Motion had passed without any filings, the Court granted CNE's Motion, dismissed this lawsuit with prejudice, and entered final judgment in CNE's favor. [Filing No. 19; Filing No. 20.]

In its Order granting CNE's Motion to Dismiss, the Court observed that "Mr. Vient does not allege that he owns a copyright, nor that the News-Examiner copied elements of that copyrighted work. The only allegations in his Complaint are that there were 'copyright breaches,' and that he requested information from the News-Examiner but it did not respond." [Filing No. 19 at 6.] Along the way, the Court provided Mr. Vient with "numerous opportunities to amend his Complaint" and, in light of his failure to take advantage of those opportunities or to respond to

the Motion to Dismiss, dismissed the Complaint with prejudice for failure to state a claim. [Filing No. 19 at 7.]

Now pending before the Court are a litany of post-judgment filings by Mr. Vient, received in February and March 2019. Several potentially pertain to the merits of the judgment entered in CNE's favor, including Mr. Vient's "Motion for Relief from a Judgment." [Filing No. 21.] The Court considers these filings before addressing Mr. Vient's additional filings requesting electronic service and further proceedings. Each of Mr. Vient's Motions is without merit, and each is therefore **DENIED** for the reasons described below.

## I.
### MOTIONS REQUESTING RELIEF FROM JUDGMENT

Several of Mr. Vient's post-judgment filings potentially impact the dismissal of his Complaint. The first is Mr. Vient's Motion for Relief from a Judgment, filed on February 7, 2019. [Filing No. 21.] Mr. Vient asks the Court to reopen the case due to "newly discovered evidence." [Filing No. 21 at 1.] In support, Mr. Vient attaches what appears to be a printout of a screenshot of a story entitled "On the Rails," [Filing No. 21-2 at 1-2], and provides a copyright registration number, [Filing No. 21 at 2].

In response, CNE argues that the copyright registration number indicates that the copyright was obtained after the lawsuit was filed but while the litigation was pending, making Mr. Vient's Motion improper. [Filing No. 22 at 6; Filing No. 22-1.]

Mr. Vient argues in reply that he "reasonably contacted the Defendant's lawyer in October and November 2018 with the newly discovered evidence" and suggests that he meets the standard for relief in this case. [Filing No. 30 at 1.] Mr. Vient also states: "To clarify Defendant's statements: the Newly Discovered Evidence is Exhibits A and B, not a Copyright Registration Number." [Filing No. 30 at 1.] In his Motion to Add Readout to the Evidence in the Motion for

2

Relief from a Judgment, which the Court construes as an additional reply brief, Mr. Vient states that the printouts show that his story has been "reproduced," "distributed," and "displayed" by CNE, in violation of the copyright laws. [Filing No. 26 at 1.]

The final document which may be construed as challenging the judgment entered in this case is his Motion for Point-of-Order, filed on March 15, 2019. [Filing No. 32.] In that document, Mr. Vient states that he "never received" CNE's response to his Motion for Relief from CNE, but instead received a copy from the Court's staff. [Filing No. 32 at 1.] He also states that he "do[es] not see" CNE's Motion to Dismiss in the documents he has received. [Filing No. 32 at 1.] He also asks the Court to explain when service is required. [Filing No. 32 at 1.]

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances," *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011), and serves the "limited function" of "correct[ing] manifest errors of law or fact or to present newly discovered evidence," *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (internal quotations omitted). The ground primarily invoked by Mr. Vient is found in Rule 60(b)(2), allowing for relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," though his Motion for Point-of-Order also suggests that he may be seeking relief due to CNE's alleged failure to serve its Motion to Dismiss. In the appropriate case, a lack of service could potentially provide a ground for Rule 60(b) relief under paragraphs (1) ("excusable neglect"), (3) ("misrepresentation . . . by an opposing party"), or (6) ("any other reason that justifies relief").

Nothing in Mr. Vient's submissions suggests that there are exceptional circumstances warranting Rule 60(b) relief in this case. The Court cannot make heads or tails of what Mr. Vient means when he says that "Exhibits A and B" are the "Newly Discovered Exhibits." The only exhibit he attached to his Motion for Relief is a printout of a screenshot showing what appears to be his story entitled "On the Rails," and that story is not new evidence. It appears that Mr. Vient has highlighted his name and any reference to the News-Examiner, including the News-Examiner's copyright notice at the bottom of the page. [[Filing No. 21-2 at 1-2](#).] Nothing suggests however that this notice is evidence that Mr. Vient could not have previously discovered. Nor is CNE's possible copyright assertion relevant to the deficiencies identified in Mr. Vient's claim—namely, that he failed to allege that he owned a copyright to the story. Even if the filings reflected new, relevant evidence, Mr. Vient's Motion would be woefully untimely. Mr. Vient indicates that he raised this "newly-discovered" evidence with CNE's counsel back in "October and November 2018," yet he failed to file anything in this Court until February 7, 2019. This unreasonable and unexplained delay provides an additional and independent basis for denying Mr. Vient's Motion.

Nor does the addition of the copyright registration number (which Mr. Vient disclaims as the basis for his Rule 60(b) Motion) entitle Mr. Vient to relief, inasmuch as the copyright was registered on January 25, 2018, according to the publicly-available copyright catalog maintained by the U.S. Copyright Office (and cited to by CNE). This was a month after this lawsuit was instituted on December 20, 2017—confirming, again, that Mr. Vient did not plausibly allege that CNE had infringed Mr. Vient's copyright because he had not registered the copyright at the time he filed the lawsuit. Moreover, were the addition of the copyright registration number the basis for Mr. Vient's Motion, it too would be untimely. This matter had not yet been dismissed as of

January 25, 2018, and CNE had not yet filed its Motion to Dismiss. Mr. Vient had ample opportunity to raise the copyright registration issue while this matter was still open and pending.

Finally, any alleged issue with CNE's service of the Motion to Dismiss likewise does not entitle Mr. Vient to any relief. Though CNE's filings all indicate that they were served on Mr. Vient by U.S. Mail as required by Rule 5, even assuming for the sake of argument that Mr. Vient did not receive CNE's Motion to Dismiss, Mr. Vient does not argue that he did not receive the Court's Order granting the Motion or the Final Judgment entered in CNE's favor. Mr. Vient therefore received full notice both that his case was being dismissed and the reasons for the dismissal. The Court's Order and Judgment were both entered on May 23, 2018. Mr. Vient's unreasonably delayed filing his Motion for Point-of-Order raising the alleged service issue for over nine months after the Court's ruling, and nothing in Mr. Vient's current filings indicate that he has any viable substantive response to CNE's Motion to Dismiss. There is therefore no just cause to invoke the exceptional remedy in Rule 60(b) in this case.

Mr. Vient's filings do not meet the stringent standard for Rule 60(b) relief from the judgment dismissing Mr. Vient's Complaint with prejudice. The Court therefore **DENIES** Mr. Vient's Motion for Relief from a Judgment, [Filing No. 21], and any relief requested in his Motion to Add Readout to the Evidence in the Motion for Relief from a Judgment, [Filing No. 26], and Motion for Point-of-Order, [Filing No. 32].

## II.
### MOTIONS REQUESTING ELECTRONIC SERVICE

The next pair of motions under consideration concern how the Court communicates with Mr. Vient and how Mr. Vient communicates with the Court. In his Motion to Receive Court Documents Via Email, Mr. Vient requests to receive filings with email service. [Filing No. 23]. In his Motion to Submit Filing Attachment with Email, Mr. Vient proposes sending future filings

5

electronically instead of by mail. [Filing No. 24.] Neither filing contains any justification for the relief Mr. Vient requests.

The Federal Rules of Civil Procedure permit "[a] person not represented by an attorney" to "file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B). The Local Rules of this Court do not allow such a person to file electronically and in fact expressly exclude "documents filed by *pro se* litigants" from eligibility for electronic filing. S.D. Ind. L.R. 5-2(b)(1). Several judges of this Court have, in exceptional circumstances, granted exemptions from Local Rule 5-2(b) where pro se litigants have been unable to communicate effectively over mail due to residing out of the United States, *see Mapes v. Myers*, No. 1:17-cv-1396-WTL-DML (S.D. Ind. May 10, 2017), ECF No. 6, or due to a constant travel schedule that prevented regular receipt of filings at a home address, *see Philpot v. Rural Media Grp., Inc.*, No. 1:14-cv-1985-WTL-MJD (S.D. Ind. Feb. 18, 2015), ECF No. 14. *Cf.* S.D. Ind. L.R. 1-1(c) ("The court may . . . modify any rule in a particular case in the interest of justice.").

The Local Rules of this Court do not permit pro se litigants to file electronically, and Mr. Vient has not identified any extraordinary justification for modifying the rules in this case. The Court therefore **DENIES** Mr. Vient's Motion to Receive Court Documents Via Email, [Filing No. 23], and Motion to Submit Filings Via Filing Attachment with Email, [Filing No. 24].

**III.**
**MOTIONS REQUESTING FURTHER PROCEEDINGS OR RELIEF**

Mr. Vient's remaining motions all request action on the part of the Court or of CNE to move the case forward as if it were an open case with an operative pleading. It is a closed case, however, and the resolution and rejection of Mr. Vient's Motion for Relief from a Judgment also resolves these additional motions.

First, Mr. Vient's Motion for Defendants' More Definitive Statement/Answer asks CNE to respond to certain inquiries and allegations. [Filing No. 25.] CNE successfully moved to dismiss this matter and the Court has denied Mr. Vient's motion to reopen it. Because this matter is closed, CNE is not obligated to answer Mr. Vient's questions. The Court therefore **DENIES** Mr. Vient's Motion for Defendants' More Definitive Statement/Answer.

Second, Mr. Vient's Motion for Preliminary Injunctive Relief again appears to request that the Court require CNE to answer an inquiry ("[C]an Defendant please simply share any rights agreement for usage of Plaintiff's works . . . ?") and may perhaps be read to request an injunction to prevent CNE from continuing to display Mr. Vient's "On the Rails" story. [Filing No. 27 at 1.] Among other things, a party seeking a preliminary injunction must demonstrate that "they are likely to succeed on the merits of their claims." *Michigan v. U.S. Army Corps. Of Eng'rs*, 667 F.3d 765, 769 (7th Cir. 2011). The Court previously dismissed this lawsuit with prejudice, meaning that Mr. Vient achieved no success on the merits of his claim. The Court therefore **DENIES** Mr. Vient's Motion for Preliminary Injunctive Relief.

Finally, Mr. Vient requests that the Court require CNE to participate in expedited discovery, [Filing No. 28], and schedule a pretrial conference, [Filing No. 29]. Again, however, Mr. Vient's lawsuit has been dismissed with prejudice (meaning that it may not be refiled) and this matter is closed. Mr. Vient is not entitled to any discovery in a closed case and there is no reason for the Court to schedule a pretrial conference. The Court therefore **DENIES** Mr. Vient's Motion to Compel Expedited Disclosure and/or Discovery, [Filing No. 28], and Motion to Schedule Conference and Order, [Filing No. 29].

## IV.
### CONCLUSION

For the reasons set forth above, Mr. Vient has not presented an appropriate basis for setting aside the judgment dismissing this matter with prejudice. His other motions seeking electronic service and further proceedings likewise lack merit. The Court therefore **DENIES** each of Mr. Vient's Motions, including:

- Motion for Relief from a Judgment [21],

- Motion to Receive Court Documents Via Email [23],

- Motion to Submit Filings Via Filing Attachment with Email [24],

- Motion for Defendants' More Definitive Statement/Answer [25],

- Motion to Add Readout to the Evidence in the Motion for Relief from a Judgment [26], which the Court considered as a supplemental brief in support of Mr. Vient's Motion for Relief,

- Motion for Preliminary Injunctive Relief [27],

- Motion to Compel Expedited Disclosure and/or Discovery [28],

- Motion to Schedule Conference and Order [29], and

- Motion for Point-of-Order [32].

This matter remains closed, and no further motions challenging the Court's Order dismissing Mr. Vient's lawsuit will be entertained.

Date: 4/5/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution to Counsel of Record via CM/ECF**

**Distribution via U.S. Mail to:**

BENJAMIN VIENT
217 W. 18 St.
#238
New York, NY 10011